HONORABLE RONALD B. LEIGHTON

UNITED STATES herDISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEWART R. SHERMAN,

    Plaintiff,

  v.

JPMORGAN CHASE BANK, N.A., incorrectly named as CHASE FULFILLMENT CENTER,

    Defendant.

CASE NO. 3:12-CV-05357-RBL

ORDER

This case arises out of Defendant's Motion to Dismiss Plaintiff's Verified Complaint (Dkt. # 7). Plaintiff filed no response. For the reasons below, Defendant's Motion is GRANTED and the case is DISSMISSED with prejudice.

**I. FACTUAL BACKGROUND**

Plaintiff's allegations concern two separate loans that Plaintiff has with Defendant JPMorgan Chase Bank (Chase). In 2005, Plaintiff opened a $26,000.00 home equity line of credit from Washington Mutual Bank, F.A., which was secured by a Deed of Trust. Chase acquired WaMu's assets under the terms of a Purchase and Assumption Agreement. Thus, as of

ORDER - 1

September 25, 2008, Chase has been the owner of Plaintiff's loan.  In 2010, Plaintiff borrowed $233,000.00 from Chase, which also was secured by a Deed of Trust.

Prior to filing this lawsuit, Plaintiff sent two letters to Chase in November, 2011 and January, 2012.  The November letter requested the identity of the holder of both loans, securitization information, loan transaction histories, and that the original Notes be made available for Plaintiff's inspection.  The January letter asserted that the Notes and Deeds of Trust are null and void because Chase failed to provide proof of claim per Plaintiff's prior request. Chase responded to both letters with copies of the Notes, security instruments, loan transaction history for the 2010 loan, information indentifying Chase as the owner/holder of the Notes, and that Chase possesses of the original Notes.

Plaintiff sued, alleging the following:

- Chase is not a proper party to enforce the loans because there is no evidence of ownership, and thus Chase lacks standing to enforce the Notes.
- Chase violated the Truth and Lending Act.
- Chase failed to respond to Plaintiff's multiple Qualified Written Requests (QWR) made under the Real Estate Settlement Procedures Act.
- Chase unlawfully failed to produce original documents for inspection.
- Chase committed fraud, there is a cloud on the title, the Deed of Trust is invalid, and there is an unclear chain of title.

## II. DISCUSSION

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff's complaint must allege

facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 662, 678 (citing *Twombly*).

**A. Chase is Entitled to Enforce the Notes and Deeds of Trust**

Plaintiff asserts that Chase is not a proper party to enforce the loans because there is no evidence of ownership. Plaintiff further asserts that Chase lacks standing to enforce the loans, and that the holders of the loans are the shareholders. These contentions are simply untrue. Chase has presented evidence that it is the holder of both Notes, and as the legal holder, it is entitled to enforce the Notes as a matter of law, and is further entitled to enforce the Deeds of Trust securing the Notes.

**B. TILA Claim**

Plaintiff's Complaint contains vague references to TILA, alleging that Chase is in violation of the Act. Plaintiff alleges no facts that support any cognizable claims regarding TILA, and the complaint cannot as a matter of law survive. Even if Plaintiff did allege facts

sufficient to support a claim under TILA, it would be time-barred under the statutes of limitations.  *See* 15 U.S.C. § 1640(e) (statute of limitations for damages claims is one year).

**C.  RESPA Claim**

Plaintiff asserts that he sent a Qualified Written Request to Chase requesting information about her account.  Compl. at 3–4.

RESPA provides in pertinent part:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A).  A "qualified written request" ("QWR") is defined as a written document including the name and account of the borrower and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).  When a loan servicer receives a QWR, RESPA requires that:

> Action with respect to inquiry: Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall
>
> (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);
>
> (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes
>
> > (i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and

          (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or

(C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes

          (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and

          (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

12 U.S.C. § 2605(e)(2).

Under RESPA, a borrower must prove damages as part of a QWR allegation. Plaintiff's complaint fails to state a claim upon which relief can be granted because Plaintiff fails to allege any damages that were caused by Chase's alleged failure to respond. Plaintiff's complaint pleads neither actual damages nor a pattern of failure.

Dated this 29th day of July, 2012.

/s/ Ronald B. Leighton
Ronald B. Leighton
United States District Judge